The action is brought upon a promissory note for 3,000, purporting to have been made by the defendant, by his attorney, H.A. Bartlett, dated 18th September, 1860, payable three months from date to the order of Carson Hard, and by them indorsed to Jessup Laflin, who indorsed it to the plaintiffs.
It appeared upon the trial that Bartlett, who made the note in the defendant's name, was his attorney in fact, for him and in his name, place and stead, to sign all notes and checks, and accept all drafts, in conducting his business, as then prosecuted by him in the city of New York. That the note was, at the request of Jessup Laflin, discounted by the plaintiffs, before maturity, in the usual course of business, for the benefit of Carson Hard.
The defendant offered to show that the note was made as an accommodation for Carson Hard, and not in the usual scope of defendant's business, and without his knowledge or consent. This was objected to by the plaintiffs, and excluded by the court, to which ruling the defendant excepted.
It was shown that Jessup was one of the directors of the plaintiffs' bank, and that he knew the object for which the note was made, but that he had no power to direct the note to be discounted, and did not so direct.
The counsel for the defendant then renewed the same offer, on the ground that the bank had notice that the note *Page 321 
was an accommodation note through Jessup, a director. This was objected to by plaintiffs' counsel and excluded by the court, and the defendant excepted.
When the plaintiffs rested their case, the defendant moved for a dismissal of the complaint on the grounds,
1. That the evidence in the case shows that the authority of the agent, Bartlett, was a special authority, and limited to the business of the defendant.
2. That there is no proof that Bartlett, in giving the note in question, acted within the scope of his agency, and had authority to give it.
3. The authority of the agent, Bartlett, being special and limited, and the defendant having offered to show the note was an accommodation note, the plaintiffs must show themselves to bebona fide holders.
The motion was denied and the defendant excepted.
The defendant called Jessup as a witness, and asked him the following question: "At the time the note was made, was there another note made for the same purpose, and subsequently diverted to other purposes by you?" The plaintiffs' counsel objected to the question as immaterial and irrelevant, and the objection was sustained; to which ruling the defendant excepted.
The following question was then put by the defendant's counsel to the witness: "Were you and Laflin, at the time the note was made, creditors of Carson Hard?" This question was objected to by plaintiffs' counsel as immaterial and irrelevant. The court sustained the objection, and the defendant's counsel excepted.
The evidence being closed, the defendant's counsel asked that the question whether the plaintiffs had notice that the note was an accommodation note should be submitted to the jury, and that they should be instructed that if they found the plaintiffs had such notice, then the defendant would be entitled to a verdict.
The judge refused the request, and directed the jury to find a verdict for the plaintiffs for the amount of the note and interest, to which the defendant's counsel excepted. *Page 322 
The jury rendered a verdict for the plaintiffs for $3,063.50, upon which judgment was entered. Upon appeal to the General Term, the judgment was affirmed.
There is no doubt that the plaintiffs are bona fide holders of the note for value, unless they are chargeable with notice of its being an accommodation note, by reason of notice of that fact to Jessup, a director. If they are bona fide holders of the note, for value, under the rule which is now well settled, they are entitled to recover against the defendant, notwithstanding the fact that his agent exceeded his authority in making it. The principle is as stated in North River Bank v. Aymar (3 Hill, 262). "Whenever the very act of the agent is authorized by the terms of the power, that is, whenever by comparing the act done by the agent with the words of the power, the act is in itself warranted by the terms used, such act is binding on the constituent, as to all persons dealing in good faith with the agent; such persons are not bound to inquire into factsaliunde. The apparent authority is the real authority." This principle, although the case was reversed by the Court for the Correction of Errors, has been since recognized and established by numerous cases in this court. (Farmer's Bank v. Butchersand Drovers' Bank, 4 Kern. 627; S.C., 16 N.Y. 135; Griswold
v. Haven, 25 id. 595; Exchange Bank v. Monteath,
26 id. 505; Bank of New York v. Bank of Ohio, 29 id. 619.) The note being negotiable, the maker is deemed in law to enter into a contract with every one to whom it is afterward negotiated, so that the plaintiffs thus stand in priority with the defendant, and are, within the rule, dealing in good faith with the agent, notwithstanding the payees and their immediate indorsers had notice that the agent was transcending his authority in the making of the note. (Farmers and Mechanics' Bank v. Butchersand Drovers' Bank, 16 N.Y. 141; Griswold v. Haven,
25 id. 602.)
This principle disposes of the exception to the refusal to dismiss the complaint, and brings us to an examination of the question, whether notice to Jessup, that the note was an accommodation note, was notice to the plaintiffs. It is to be *Page 323 
remembered that Jessup, although a director of the plaintiffs' bank, was not acting as such in the discounting of the note, and, so far as was shown or offered to be shown, notice of the object for which the note was made, was not given to him as such director.
He was no agent of the bank in this transaction, and the rule that notice to an agent is notice to the principal, does not apply. It was said by Chief Justice NELSON, in Bank of UnitedStates v. Davis (2 Hill, 463), "I agree that notice to a director, or knowledge derived by him while not engaged officially in the business of the bank, cannot and should not operate to the prejudice of the latter. This is clear from the ground and reason upon which the doctrine of notice to the principal through the agent rests. The principal is chargeable with this knowledge for the reason that the agent is substituted in his place, and represents him in the particular transaction; and, as this relation, strictly speaking, exists only while the agent is acting in the business thus delegated to him, it is proper to limit it to such occasions." This agrees with the decision of the court in National Bank v. Norton (1 Hill, 572). In that case, one member of a firm, after dissolution, renewed a partnership note held by the plaintiff, without authority from, or knowledge of Norton, his late copartner. Before the making of the note in question, one of the directors of the plaintiffs' bank knew of the dissolution of the firm; and the question was, whether such knowledge was notice to the plaintiff. At the circuit it was held that it was, and the plaintiff was nonsuited. A motion was made to the court in banc, on a case to set aside the nonsuit, and for a new trial, which was granted. The court says: "In the case at bar, the learned judge had proof of publishing the notice; and actual knowledge in the director, whose duty, as one of the board, it was to pass on the discount and renewal of notes, and who was therefore to be regarded as the agent of the plaintiffs, was sufficient proof of their knowledge." In this we think he erred. The board were the agents for the purposes mentioned, and they should acquire this sort of knowledge as such, or at least the firm *Page 324 
should show notice brought home to some other agent specially authorized by the bank, or by the course of their business, to receive it. (See also Angell and Ames on corporations, §§ 307, 308, and cases cited.)
In the case before us, I think the knowledge of Jessup, that the note was an accommodation note, was not notice of that fact to the plaintiffs.
The question put to the witness Jessup, whether, at the time the note in question was made, another note was made for the same purpose, and subsequently diverted to other purposes by him, was manifestly immaterial and irrelevant, and therefore properly excluded.
The same is true of the question, whether Jessup and Laflin were creditors of Carson Hard, at the time when the note in question was made.
There was no question to be submitted to the jury, and they were properly directed to find a verdict for the plaintiffs.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 325