# THIRD DEPARTMENT.

## GENERAL TERM, APRIL, 1875.

QUINN v. CARR.

*Agency — principal not liable for acts of agent outside his apparent authority.*

Defendants were commission merchants in New York. C. was their agent at Norwich, to solicit and ship to defendants produce to be sold by them on commission. *Held*, that C. had no apparent authority to guarantee to persons shipping produce to defendants the price it would bring, so as to bind defendants.

An exception to the refusal of the judge to charge " that there was no evidence of authority of the part of C. to enter into a contract of guaranty as claimed by plaintiff." *Held*, sufficient to present a question of law upon the whole evidence that might be reviewed upon appeal.

MOTION by defendant for a new trial upon exceptions ordered heard in the first instance at the general term after a verdict for the plaintiff at the circuit.

The action was brought by Patrick Quinn against Walter Carr and others, to recover the difference between the guaranteed price of a quantity of produce sent by plaintiff to defendants to be sold, and the price actually received. Sufficient facts appear in the opinion.

*E. H. Prindle*, for plaintiff.

*Edward B. Thomas*, for defendants.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

BOARDMAN, J. The defendants were commission merchants in New York city. James A. Carr was their agent at Norwich, N. Y., to solicit, obtain and ship to defendants produce to be sold by them on commission. By the verdict of the jury, it is established that the plaintiff delivered to James A. Carr a quantity of butter to be

shipped to defendants, and sold on commission upon the guaranty of said James A. ; that the butter should bring 30 and 33 cents per pound, less commission.

The defendants had no knowledge that such a guaranty had been made, and never had given to James A. any specific authority to bind them by such a guaranty.   No evidence is given of any similar act of James A. during a six years' agency, and a large business done by him as agent.   The butter was sold by defendants at a less price than that guaranteed, and plaintiff brought this action for the difference.   The defendants deny the making of any such contract, and allege that James A. Carr had no authority to bind them by such guaranty.

A principal is bound by the acts of his agent within the limits of his real or apparent authority.   So long as the agent is apparently pursuing the authority given him by his principal, the latter will be bound though the agent's act be in fact a violation of authority, illegal or fraudulent.   One dealing with an agent is bound at his peril to ascertain by what authority he acts, and, if a contract is made outside of the general scope of the authority conferred, the principal will not be bound thereby.   *Dunning* v. *Roberts,* 35 Barb. 463 ; *Johnson* v. *Jones,* 4 id. 369 ; *Westfield Bank* v. *Cornen,* 37 N. Y. 320 ; *North River Bank* v. *Aymar,* 3 Hill, 262.

Had James A. Carr authority to bind the defendants by his contract of guaranty ?   It must be conceded that an apparent is a real authority.   By an apparent authority is meant such power as is ordinarily, usually and presumptively given to agents in the transaction of such business, and by them used and exercised.   The authority must be such as, apparently at least, to confer upon the agent the power to make such a contract and to justify third persons in their reliance thereon.

Was this such an authority ?   I think it was not.   The defendants were not purchasers of butter, but commission merchants.   The plaintiff knew that fact.   It must be assumed he knew the nature of the business and the manner in which it was conducted.   Such a contract as that relied upon was wholly outside of a legitimate commission business.   Plaintiff had no right to suppose defendants transacted their affairs in such a way.   As well might plaintiff have inferr that James A. Carr was authorized to buy the butter and defendants' note, payable at a future time in payment ther Yet, if this verdict is sustained, the defendants are as effec

bound as if the butter had been bought by them personally and they had given their notes therefor. Not an instance is shown where they had ever bought produce or guaranteed a price by themselves or their agents. No knowledge or ratification of this contract is shown. No course of dealing by the agent, with or without the knowlege of defendants, gives color to any such authority. The authority must be proved by direct evidence, or by such facts and circumstances as naturally and necessarily tend to establish it. In this case there is no authority directly, nor are there any facts showing that the contract was within the scope of any apparent authority conferred upon the agent in soliciting and shipping to defendants produce to be sold on commission. Upon the facts shown, it should, in my judgment, have been held as law that the plaintiff could not recover.

If this question is presented in the exception to the refusal of the judge to charge " that there was no evidence of authority on the part of James A. Carr to enter into a contract of guaranty as claimed by plaintiff," it may be reviewed upon this motion for a new trial. If it is not so presented, the defendants are remediless upon the motion, because there is no other exception presented by counsel upon which a new trial can be granted.

Under section 265 of the Code, exceptions alone can be heard and considered. Questions of fact cannot be considered or examined where exceptions are ordered heard in the first instance at the general term. *Cronk* v. *Canfield*, 31 Barb. 171; *Dickerson* v. *Wason*, 48 id. 412; *Hotchkins* v. *Hodge*, 38 id. 117; *Mason* v. *Breslin*, 9 Abb. N. S. 427; *Hoxie* v. *Greene*, 37 How. 97; *McBride* v. *Bank of Salem*, 26 N. Y. 450.

As there were other questions of fact necessarily submitted to the jury, the defendants could not ask the court to direct a verdict for them. I am inclined to the belief that the exception referred to presents a question of law upon the whole evidence that may be considered and determined, notwithstanding it becomes necessary to examine all the evidence given on the trial, and ascertain what facts have been established, or rather whether such testimony shows such a defect of authority in the agent as makes the refusal of the judge to charge as requested an error.

If I am correct in these conclusions, the verdict should be set [asid]e, and a new trial granted, with costs to abide the event.

*New trial granted.*