THE ATLANTIC STATE BANK, IN THE CITY OF BROOK-LYN, PLAINTIFF, *v.* WILLIAM SAVERY, WILLIAM E. SAVERY, GEORGE W. MASON AND GEORGE W. VAN SCHAACK, IMPLEADED WITH ALEXANDER LAW, DEFENDANTS.

*Firm paper used to pay the individual debt of one partner — his creditor cannot enforce it — rights of a bona fide purchaser of such paper — Knowledge of the director of a corporation not imputed to it — Power to discount, includes power to purchase.*

This action was brought upon a note made by Charles F. Parker & Co., payable to their own order indorsed by them, by A. Law, and by the firm of John Savery's Sons. The defendant Law, who was a member of both firms, indorsed the name of the latter firm, without authority, and delivered the note to a firm of brokers to whom he was indebted, who sold the note to the plaintiff and applied the proceeds upon Law's account. One of the firm of brokers who negotiated the sale of the note was a director of the plaintiff.

*Held*, that the brokers, knowing that Law was using firm paper to discharge an individual indebtedness, could not enforce the same as against the defendants, John Savery's Sons.

That the plaintiff, having purchased the note in good faith, the knowledge of its director was not to be imputed to it, and that it was entitled to recover.

That the plaintiff, a bank organized under the State law, was authorized to purchase the note, the power to purchase being included in the power to discount.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

*Wm. H. Hornblower,* for the plaintiff.   The fact that a note made in the name of the firm is payable to the order of one of the partners, is not any indication that the paper was not drawn on partnership account and in the usual course of business of the firm.   (Parsons on Partnership, *202, note *c*; *Haldeman* v. *Bank of Middletown,* 28 Penn. St., 440; *Ihmsen* v. *Negley,* 25 id., 297; *Smith* v. *Lusher,* 5 Cow., 688; *Smyth* v. *Strader,* 4 How. [U. S.], 404; *Babcock* v. *Stone,* 3 McL., 172.)   The mere fact that a director of a corporation has knowledge of a fact does not charge the corporation with notice.   (*National Bk.* v. *Norton,* 1 Hill, 572; *Fulton Bk.* v. *New York and Sharon Canal Co.,* 4 Paige, 127; *Miller* v. *Ill. Cent. R. R. Co.,* 24 Barb., 312; *Pres.. etc., of Westfield Bank* v. *Cornen,* 37 N. Y., 320; *Farrel Foundry* v. *Dart,* 26 Conn., 376; *General Ins. Co.* v. *U. S. Ins. Co.,* 10 Md., 517; *Terrel* v. *Branch Bank of Mobile,* 12 Ala., 502; *U. S. Ins. Co.* v. *Shriver,* 3 Md. Ch., 381; *Custer* v. *Tompkins Co. Bank,* 9 Barr [Penn.], 27; *Seneca Co. Bank* v. *Neass,* 5 Denio, 329; *Pres., etc., of City Bank* v. *Barnard,* 1 Hall, 70; *Commercial Bk.* v. *Cunningham,* 24 Pick., 270; *Farmers and Citizens' Bank* v. *Payne,* 25 Conn., 444; *Winchester* v. *Baltimore and Susquehanna R. R. Co.,* 4 Md., 231; *Barnes* v. *Trenton Gas Light Co.,* 12 C. E. Gr. [N. J. Ch.], 33; *In re European Bank,* L. R. [5 Ch. Ap.], 358; *In re Marseilles Extension Railway Co.,* 7 id., 161.)   An association, organized under the general banking act of 1838, has all the powers incident to a banking business, even though not specifically and in express terms conferred by the act, and may purchase as well as discount paper.   (*Curtis* v. *Leavitt,* 15 N. Y., 9; *Leavitt* v. *Blatchford,* 17 id., 522; *Barnes* v. *Ontario Bank,* 19 id., 152; *Yerkes* v. *National Bank of Port Jervis,* 60 id., 382; *Leach* v. *Hale,* 30 Iowa, 69; *Van Leuven* v. *First National Bank,* 54 N. Y., 671; *People* v. *Metropolitan Bank,* 7 How., 144; *Pape* v. *Capitol Bank of Topeka,* 20 Kan., 457; *Tracy* v. *Talmage,* 18 Barb., 456; *First National Bank* v. *Harris,* 118 Mass., 516; *Smith* v. *Exchange Bank of Pittsburg,* 26 Ohio,

St., 141; *National Pemberton Bank* v. *Porter*, Sup. Ct. Mass., 7 Cent. [L. J.], 324.)

*John A. Mapes*, for the defendants. Any obligations given by one partner in the name of the firm, in payment of his own private indebtedness, or for his own individual benefit, or for any matter unconnected with the business of the firm, are void as against the other members of the firm, in the hands of any person, who took the same with notice of such fact, unless the assent of the other members is proven. (*Livingston* v. *Roosevelt*, 4 Johns., 251; *Dubois* v. *Livingston*, id., 261, n; *Gansevoort* v. *Williams*, 14 Wend., 133; *Livingston* v. *Hastie*, 2 Caines, 246; *Elliot* v. *Dudley*, 19 Barb., 326; Chitty on Bills, 29–33, and cases there cited; Edwards on Bills and Notes [m. p.], 103; Parsons on Partnership [3d ed.], *216; *Foot* v. *Sabin*, 19 Johns., 154; *Boyd* v. *Plumb*, 7 Wend., 309; *Andrews* v. *Planters' Bk.*, 7 Smedes & M., 192; *Rollins* v. *Stevens*, 32 Me., 454; *Selden* v. *Bk. Commerce*, 3 Minn., 166; *Laverty* v. *Burr*, 1 Wend., 529; *Bk. of Rochester* v. *Bowen*, 7 id., 158; *Stall* v. *Catskill Bk.*, 18 id., 466; *Williams* v. *Walbridge*, 3 id., 415; *N. Y. Fireman's Ins. Co.* v. *Bennett*, 5 Conn., 574; *Gansevoort* v. *Williams*, 14 Wend., 139; *Joyce* v. *Williams*, id., 141; Parsons on Bills and Notes, 140, 141; Story on Part., § 127; Parsons on Part. [3d ed.], *216; Colyer on Part., § 421; Daniels on Neg. Inst., p. 272, § 365.) The possession and presentation for discount or sale of a note or other commercial paper, by one who is liable thereon, as drawer, maker, acceptor or indorser, is in itself notice to the party taking it from him, that all indorsements subsequent to his are for accommodation. (*Stall* v. *Catskill Bk.*, 18 Wend., 466; *Bk. of Vergennes* v. *Cameron*, 7 Barb., 143; *Fielden* v. *Lahens*, 2 Abb. Ct. App. Dec., 111; *N. Y. Fireman's Ins. Co.* v. *Bennett*, 5 Conn., 574; *Bk. of Tennessee* v. *Safferins*, 3 Humph., 597; *Tanner* v. *Hall*, 1 Penn. St., 417; *Mauldin* v. *Branch Bk. Mobile*, 2 Ala. [N. S.], 513; *Tompkins* v. *Woodyard*, 5 W. Va., 216; Daniels on Neg. Inst., § 365; *Wallace* v. *Branch Bk. Mobile*, 1 Ala. [N. S.], 565; *Saltmarsh* v. *Planters' Bk.*, 14 id., 668; *Carlisle* v. *Hill*, 16 id., 405; *Overton* v. *Harden*, 6 Coldwell [Tenn.], 376; *Brown* v. *Taber*, 5 Wend., 566; *Hendrie* v. *Berko-*

*witz*, 37 Cal., 113; *Le Moine* v. *Bk. North America*, 3 Dillon, 44; *Howe Machine Co.* v. *Hadden*, The Reporter, vol. 6, p. 136; *Palmer* v. *Whitney*, 21 Ind., 58.) The plaintiff stands chargeable with the same notice of the character of the indorsement, which Mr. Leonard, one of its directors, had. (*Bank of U. S.* v. *Davis*, 2 Hill, 451; *North River Bank* v. *Aymar*, 3 id., 274; *Nat. Security Bank* v. *Cushman*, 121 Mass., 490; *Verona Central Cheese Co.* v. *Murtagh*, 50 N. Y., 316.) The plaintiff had no power or authority to purchase the note in suit, and such purchase conferred upon it no title which could be enforced as against these defendants. (Rev. Stat. [Banks, 6th ed.], vol. 2, p. 334, § 199 [old sec. 18]; *American Life Ins. Co.* v. *Dobbin*, Lalors Sup. to H. & D., 255, 256; *N. Y. Fireman's Ins. Co.* v. *Ely*, 2 Cow., 699; *N. Y. Trust and Loan Co.* v. *Helmer*, 19 S. C. R., 35; *Farmers and Mechanics' Bank* v. *Baldwin*, 23 Minn., 198; *First National Bank* v. *Pierson*, 16 Alb. L. J., 319; *Niagara Co. Bank* v. *Baker*, 15 Ohio St., 68.) No action can be maintained by a corporation upon securities taken in violation of their organic act. (*Seneca Co. Bank* v. *Lamb*, 26 Barb., 598; *Bank of U. S.* v. *Owens*, 2 Peters, 257; *Utica Ins. Co.* v. *Scott*, 19 Johns., 1; *Talmage* v. *Pell*, 3 Seld., 328; *Ex parte Dysler*, 2 Rose, 351 [Lord ELDON] ; *Watts* v. *Brooks*, 3 Ves. Jr., 612; *Crocker* v. *Whitney*, 71 N. Y., 16; *Swift* v. *Beers*, 3 Denio, 70.)

DYKMAN, J. :

This action is against the members of the late firm of John Savery's Sons on a promissory note for $3,000, dated Boston, February 27, 1877, made by Charles F. Parker & Co., payable to their own order, four months after date, at 97 Beekman street, New York, and indorsed by Charles F. Parker & Co., Alexander Law and John Savery's Sons. The note never came to the possession of John Savery's Sons, and the firm had no interest in it, and knew nothing about it, and in no way participated in its proceeds. Alexander Law was a member of both firms, and also had private dealings with Leonard, Sheldon & Co., bankers and brokers and stock dealers, in New York, being indebted to them in the sum of about $10,000. He delivered the note to them and they sold it to the plaintiff, and gave Law credit on his account with them for

the proceeds. The indorsement of John Savery's Sons was in the handwriting of Law. The note was purchased by the president of the plaintiff on the 4th of April, 1877, at nine per cent discount, and a bill of sale given by Leonard, Sheldon & Co. instead of their indorsement.

The defendants claim that the indorsement of their firm on the back of the note by Law was unauthorized and fraudulent, and imposed no liability upon them, and this question must be first examined.

Within the scope of the partnership each partner, by virtue of the relation, is invested with a general agency to buy and sell, pay and receive and borrow money, and draw, indorse and negotiate bills, notes and checks. The capital and stock in trade is brought into community, and the partners may enter into any engagement, usual in the ordinary course of trade. But their power is limited to the ordinary business of the firm, and if one partner assumes to act in a manner not within the scope of the partnership, the intendment of law will be that he is acting on his private account, and the use of the partnership name in such a transaction is fraudulent and void, when so used with the knowledge of the creditor. It is not important here to speak of acts apparently within the business of the firm, but in fact beyond it, because Sheldon & Co. knew that the proceeds of the note was to be applied in reduction of the individual liability of Law to them, in which the firm of John Savery's Sons had no interest. Sheldon & Co. did not receive the note as their paper. They never bought it and never owned it. They received it from Law and sold it for him and gave him credit for the proceeds. Beyond all dispute the good faith of Sheldon & Co. is impeached in the transaction, and no recovery could have been sustained in their favor against the defendants on this paper. Does the plaintiff occupy a more advantageous position? William Leonard, of the firm of Leonard, Sheldon & Co., was a director of the plaintiff at the time of the purchase of the note by its president, and it is claimed that his knowledge that the indorsement of the defendants was not in the ordinary course of their business, and was a fraud upon them, is the knowledge of the bank, and must be imputed to it. To this, however, it must be answered that what knowledge he possessed

was not received by him, as director or officer of the plaintiff, and he never acted upon the matter for the plaintiff in any official capacity. At the meeting of the board of directors, next after the purchase of the note, the president and Mr. Leonard were present, but no quorum was obtained and no action was taken. The plaintiff is a *bona fide* holder for value, unless it is chargeable with the notice of the infirmity in the indorsement of the defendants, by reason of the knowledge possessed by Leonard; as has been already stated that knowledge was not acquired officially, or while acting in that capacity, and there is no testimony to implant the fraud of Law into the plaintiff's title. The unofficial knowledge or acts of a director are no more operative on the plaintiff than those of a stranger. (*National Bank* v. *Norton*, 1 Hill, 579; *Westfield Bank* v. *Cornen*, 37 N. Y., 320; *Seneca Co. Bank* v. *Neass*, 5 Denio, 329.)

It is also claimed that no recovery can be had, for the reason that the plaintiff had no power to purchase the note in suit. The plaintiff is a State Bank, as contradistinguished from a National Bank, and has power to carry on the business of banking by discounting bills of exchange, notes and other evidence of debt, and by exercising such incidental powers as shall be necessary to carry on such business. (Laws of 1838, chap. 260, § 118.) In the technical sense in which the word discount is commonly used, it signifies the taking of interest in advance. The bank has the power and the right to loan money on commercial paper and take interest in advance on the loan, instead of waiting for the application to be made therefor at its counting-room.

What difference can there be between an application by the president of a bank for permission to take a promissory note and advance the money on it, retaining the interest, and doing the same thing on the application of the holder at the bank. In principle there is none, and no evil against which the Legislature intended to guard, by restricting the power of banks, can arise in one transaction more than in the other. A power to discount includes the power to purchase, and every piece of commercial paper discounted, is purchased, and paid for, and owned. "Now to discount includes to buy, for discounting in most cases is but another term for buying at a discount." (*Tracy* v. *Talmage*, 18 Barb., 462.)

We have already intimated our view that the promissory note in question had no legal inception until it came to the plaintiff, and as it was purchased at a discount greater than the legal rate, that fact would have been an important one on the question of usury if that defence had been interposed.

Its only effect, however, would have been to reduce the amount of the recovery, as a usurious loan by a State bank is not now void, and only subjects the bank to a forfeiture of the interest. (*Farmers and Mechanics' National Bank* v. *Dearing*, 91 U. S., 29; *Hintermister* v. *First National Bank*, 64 N. Y., 212.)

The defendants' exception should be overruled, motion for a new trial denied, and judgment ordered for the plaintiff on the verdict, with costs.

BARNARD, P. J., concurred; GILBERT. J., not sitting.

Exceptions overruled, and judgment for plaintiff upon the verdict.