Barnard, P. J.
The proof shows that in the latter part of October, 1885, while the plaintiff was working for Lindelthal Bros, it was arranged between the parties that the plaintiff should accept an employment by defendants. The plaintiff was an upholsterer, and the defendants had a department of that business; the expectation was that the employment would be commenced on the *930 next Monday. The plaintiff did not go, and the defendant sent him a postal card inquiring the reason for the plaintiff’s failure. The plaintiff then went to defendants’ place of business and agreed to begin work on the next Monday, November 2, 1885, and did so. The parties here differ in an essential point. The engagement was made upon defendants’ part by Louis Kurr, who was the-superintendent and buyer of the upholstering department of defendants’ business, and had the hiring of the upholstering men. The plaintiff’s version of the transaction is to the effect that the hiring was for a year from November 2, 1885, at eighteen dollars a week. The evidence of Kurr contradicts this, and he states that the contract was from week to week, and had no definite term beyond that, and that it was made at the first interview. The contradiction is. entirely irreconcilable. The plaintiff states positively that he stated to Kurr that he wanted lo be assurred of an employment for a year before he went up to Sterns, that he had not yet lost the right to return to Lindelthal. That tiffs statement was made on the 2d of November, 1885, and Kurr states with equal positiveness that he did not see the plaintiff at all on that Monday.
The question was settled in favor of the plaintiff by the verdict. There was no reason to doubt the authority of Kurr to hire the plaintiff, and no point can therefore properly be made, because the court left the question of the ratification of Kurr’s contract to the jury, if they should find that Kurr had no power. All the evidence that Kurr hired the men, and an authority thus general could not be questioned by the private and undisclosed limitation of it. The President, etc., v. Cornen, 37 N. Y., 320. Moreover there was abundant evidence of the ratification of the contract by the defendant. Isaac S'.ern told plaintiff that Kurr had all authority in his department after the hiring for a year was communicated to him. Stern denied this, and thát question was decided by the jury. The case is one in which it is improper for an appellate, court to interfere.
The judgment should therefore be affirmed, with costs.
Pratt and Dykman, JJ., concur.