Carroll,
June, 1895.

### HAMLIN *v.* UNION BRASS CO.

### SAME *v.* SAME.

A superintendent of a corporation elected by the board of directors cannot be removed by a majority of them, acting individually and without notice to the other members.

ASSUMPSIT, to recover the plaintiff's salary as superintendent of the defendant company ; in the first action from May 1 to June 1, and in the second action from June 1 to September 1, 1894. Facts found by the court.

At a meeting of the defendants' board of directors in April, 1894, the plaintiff was elected superintendent for one year with a salary of $1,000, payable on the fifth of each month for the previous month. The board of directors consisted of five members, and the by-laws made it their duty to appoint certain officers of the corporation, including a superintendent. May 19, 1894, a discharge signed by three of the directors was handed the plaintiff. One of the other directors was asked to sign it, but declined. The plaintiff, the remaining director, knew nothing of the discharge until it was handed to him. No notice was

given of any meeting of the directors, and no meeting was held by them. The business was transacted individually by the directors participating in it. The plaintiff was ready to perform the services as superintendent during the time he claims the salary. The court found that the plaintiff was not discharged as superintendent of the defendant company and returned a verdict in his favor in each action, and the defendants excepted.

*Samuel D. Felker* and *Walcott Hamlin* (of Massachusetts), for the plaintiff.

*Arthur L. Foote* and *Charles B. Gafney*, for the defendants.

WALLACE, J.  The plaintiff is entitled to recover the amounts of the verdicts unless he was discharged from the office of superintendent by the directors. The question presented is whether the action of a majority of the directors of a corporation, acting individually in the absence of and without notice to the other members of the board, is legal. The power invested in directors to control and manage the affairs of a corporation "is not joint and several, but joint only." *Buttrick* v. *Railroad*, 62 N. H. 413, 418. This power is conferred upon them as a board and not as individuals; and in the absence of an express or implied delegation of authority to some one or more of their number, they cannot act individually, but only as a board. When there is no limitation as to the manner in which this power shall be exercised, the proceedings of a majority of the directors within the scope of their authority are legal and valid, "either when there is a consultation of all together, and a concurrence of a majority; or. where there is a regular meeting, at which all might be present, and a majority actually meet and act by a major vote." *Despatch Line* v. *Bellamy Mfg Co.*, 12 N. H. 205, 227. But the stockholders are entitled to the benefit of the judgment and advice of all the directors, as well as their votes, in their action in regard to the affairs of the corporation. And when a portion of the directors, although they may be a majority of the board, undertake individually to take action in regard to the affairs of the corporation in the absence of and without notice to the rest of the directors, they debar the absent directors from participating in the management of the corporation and deprive the stockholders of the advantage of their suggestions, and the proceedings thus taken are illegal. *Despatch Line* v. *Bellamy Mfg. Co.*, supra; *Edgerly* v. *Emerson*, 23 N. H. 555; *Atlantic Fire Ins. Co.* v. *Sanders*, 36 N. H. 252, 269; *Buttrick* v. *Railroad*, supra.

The individual and separate action of a portion of the directors, although they were a majority of the board, in attempting

to remove the plaintiff from the office of superintendent, was illegal.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.