HOKE, J., dissenting; ALLEN, J., concurring in dissent.
At the conclusion of the evidence the court sustained the motion to nonsuit. The plaintiff excepted and appealed.
This action is brought to recover from the defendants, directors of the corporation known as the Central Mercantile Company, damages for negligence in the management of the affairs of the *Page 431 
corporation, and against the defendant Wooten, president of the corporation, for willful misrepresentation as to its solvency, upon the faith of which plaintiff alleges he sold a bill of goods to the company.
The evidence tends to prove that the corporation was organized in 1909 with these defendants as directors, or those that were not directors then, became so shortly after; that a finance committee was elected by the directors, composed of five members, which were paid for their services, and to that committee was largely entrusted the management of the company's affairs. The evidence shows that one J. F. Davenport was general manager and that he practically and almost exclusively ran the business. The directors from the time the company was organized in 1909 until it became insolvent and went into the hands of a receiver, in January, 1911, met three times only; the first to organize, the second to declare a dividend of 10 per cent, and the third to have a receiver appointed. The finance committee met weekly, but made no investigations of the company's affairs, and always approved the report of the manager. When the dividend of 10 per cent was declared, in 1910, the liabilities of the company then largely exceeded its assets, and the money with which the dividend was paid, or the most of it, was largely borrowed.
It is useless to recapitulate all the evidence as to the mismanagement of the affairs of the corporation. A cursory reading of the record discloses it. The evidence tends to prove that at a time when this condition of affairs existed, the defendant Wooten represented to the plaintiff that the corporation was solvent, and upon that representation the plaintiff, being a member of the firm of Hooker Anthony, sold the goods to the corporation. The account for these goods after the appointment of a receiver for the corporation was assigned by T. N. Hooker to the plaintiff. The evidence of negligence upon the part of the defendants, including Hooker, who was also a director, is too strong to need discussion.
It is immaterial whether the defendants were cognizant of the insolvent condition of the company or not. The law charges them with actual knowledge of its financial condition, and holds them responsible for damages sustained by stockholders and creditors by reason of their negligence, fraud, or deceit. Pender v. Speight, 159 N.C. 616; Townsend v. Williams,117 N.C. 330; Soloman v. Bates, 118 N.C. 315.
While the directors are not liable for losses resulting from (380) mistakes of judgment such as are excused in law, they are liable for losses resulting from gross mismanagement and neglect of the affairs of the corporation. Good faith alone will not excuse them when there is lack of proper care, attention, and circumspection in the affairs of the corporation which is exacted of them as trustees. *Page 432 
We are persuaded that the learned judge could not have dismissed this action upon the ground that there is no evidence of negligence. It must be, as stated on the argument, that he was of opinion that, inasmuch as defendant Hooker, a director, was a copartner of plaintiff in the firm that sold the goods to the insolvent corporation, the plaintiff was fixed by reason of such partnership with whatever knowledge Hooker had or ought to have had of the corporation's affairs. We cannot agree with that view. The negligence of the directors cannot be imputed to plaintiff solely because he was a copartner in business with one of them. There is no evidence whatever that at the time he sold the goods to the corporation the plaintiff had any knowledge of its financial condition. As for that matter, it seems that Hooker himself, although a director and secretary to the board, had little knowledge of the true condition of the corporation that he was supposed to serve.
We do not gainsay the general rule resulting from the unity of a partnership, that notice to an acting partner of any matter relating to the partnership affairs will operate as notice to the firm except in case of fraud. We do not dispute the established doctrine of the law that imputes to the principal and charges him with all notice or knowledge relating to the subject-matter of the agency which the agent acquires while acting as such agent and within the scope of his authority. But those principles, in our opinion, ought not to apply to this case.
It is only where the partner is acting within the scope of the partnership business and within his authority that notice to him is notice to his copartners. Knowledge obtained by a partner outside of the scope of the firm business is not imputed to his copartners. Gilmore on Partnership, p. 319.
Although the principle of agency applies to copartners, yet it is only when it can be seen that a partner is in fact acting as an agent of his copartners that he can bind them. This question is very fully discussed by the New York Court of Appeals in Bienenstock v. Ammidown,155 N. Y., 47, and it is there held that "Notice or knowledge of one member of a partnership acquired in transactions outside of the partnership business conducted for his individual benefit is not constructively imputable to his copartners and imposes no implied liability upon them through the partnership relation." See, also, Story on Partnership, p. 414.
(381) Analogous decisions are to be found in respect to the liability of a corporation for knowledge acquired by a director.
A director in a corporation is one of its officers, a part of its governing body, yet it is well settled that the mere fact that he has knowledge of a fact does not charge the corporation with notice. In order to charge the corporation with notice, the director must have acquired the knowledge officially as a member of the board and in the course of *Page 433 
business as director or for the purpose of being communicated by him to the board. Bank v. Savery, 82 N.Y. 291, and cases cited; Bank v. Carman,37 N. Y., 320; Bank v. Norton, 1 Hill, 572.
This Court has held that a corporation is not bound by the acts or chargeable with the knowledge of one of its officers or agents in respect to a transaction in which such officer or agent is acting in his own behalf and does not act in any official or representative capacity. Bank v.Burgwyn, 110 N.C. 267.
We have considered this case upon the theory that plaintiff was entirely innocent of all knowledge of the corporation's financial condition at the time he sold the goods to it. While the bad faith or negligence of plaintiff's partner must not be imputed to him, it at least throws upon the plaintiff the burden of proving to the satisfaction of the jury that in this matter he acted in good faith and without actual knowledge of the affairs of the corporation. Randall v. Knevals, 50 N.Y. Sup., 748.
Of course, the plaintiff, if he establishes the allegations of his complaint, cannot recover as damages the entire amount of the account for goods sold and delivered. He can only recover such damages as he has personally sustained by reason of the negligence of the defendant. For these damages his copartner Hooker is as much liable as any other of the defendants upon the evidence set out in this record.
The judgment of nonsuit is set aside.
Error.