Appeal by an employer and insurance' carrier from a decision and award made to claimant by the Workmen’s Compensation Board filed August 14, 1945. That claimant was hired by the employer’s agent and foreman to work on the tree trimming job in course of which he sustained injury, is supported by evidence. Whether the hiring constituted claimant an employee of the agent’s principal is the question presented. There was evidence by which it could be found that the employer had so conducted its business that the public was apprised of the agent’s apparent authority to engage in the work in which its agent hired claimant to assist and that claimant in good faith reasonably interpreted the situation. In the work in which employer was engaged its agent had authority to hire help. There was also evidence that the work in question bore some relation to and in fact furthered the performance of the work under the contract in which the employer had engaged with the *848 utility company. While it is doubtful whether this feature alone could he said to constitute the agent’s hiring of claimant as within his actual authority it adds materially to a showing of his apparent authority. Under the doctrine of the liability of a principal for the acts of its agent within the apparent scope of his authority we think questions of fact were presented and that the evidence supports the finding of claimant’s employee relation to the employer-appellant. (President of Westfield Banh v. Cornen, 37 N. Y. 320; Walsh v. Hartford Fire Insurance Co., 73 N. Y. 5; Hannon v. Siegel-Cooper Co., 167 N. Y. 244; 2 Am. Jur., Agency, §§ 102, 348; Matter of Gross v. Davey Tree Expert Co., 248 App. Div. 838, affd. 272 N. Y. 657.) Decision and award affirmed, with costs to the Workmen’s Compensation Board. All concur.